5IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEA LETO, Administratrix of the Estate of Daniel Charles DePiso, Jr.<br>      *Plaintiff*,<br><br>    v.<br><br>JACOB M. ILLUM, et al.,<br>      *Defendant*. | CIVIL ACTION<br>NO. 20-884 |

**PAPPERT, J.**                                                                                              May 28, 2021

### **MEMORANDUM**

      Lea Leto filed a petition to approve the settlement of this wrongful death case. The petition is unopposed, and the Court approves the proposed settlement and its allocation and distribution.

I

      Leto is the administratrix of her son Daniel Charles DePiso, Jr.'s estate. He was killed instantly when his motorcycle collided with a vehicle driven by Jacob Illum and owned by Kristi Illum and Michael Illum. DePiso was single, did not have a will and had five minor children – each with a different mother – who are his beneficiaries.

      Defendants have agreed to settle the claims against them for a gross settlement amount of $300,000. Leto seeks the following allocation: (1) $187,590.25 to be divided between DePiso's five beneficiaries (i.e., $37,518.05 to each); (2) $4,399.00 to Leto for reimbursement of the Estate's expenses including $4,100 for DePiso's funeral and $299.00 for opening his Estate; (3) $415.39 to the Pennsylvania Department of Human

Services as a final lien reimbursement for their third-party liability and estate claim[1]; (4) $7,595.36 to the Rothenberg Law Firm LLP for expenses; and (5) $100,000 (one-third of the gross settlement) to the Rothenberg Law Firm LLP for legal fees. Leto has obtained consent from the parent(s) and/or guardian(s) of each of the five beneficiaries to deposit the settlement funds in age restricted accounts preventing any distribution until the minor beneficiaries reach the age of majority.

II

Leto filed suit in the Philadelphia Court of Common Pleas and Defendants removed it. Local Rule 41.2 requires Court approval of the settlement because it involves a minor's interest. *See* E.D. Pa. Local R. 41.2(a) ("No claim of . . . a decedent's estate in which a minor . . . has an interest shall be compromised, settled, or dismissed unless approved by a court."); *id.* 41.2(b) (requiring court approval of distribution); *id.* 41.2(c) (requiring court approval of counsel fees, costs or expenses). "The local rule is procedural, and other federal judges applying it have looked to state law to determine the fairness of the proposed settlement." *Lee v. Victoria's Secret, LLC*, No. 10-3662, 2012 WL 628015, at *2 (E.D. Pa. Feb. 27, 2012).

Pennsylvania Rule of Civil Procedure 2039(a) similarly provides that "[n]o action to which a minor is a party shall be compromised, settled, or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor." Pa. R. Civ. P. 2039(a). In addition, 20 Pa. C.S. § 3323 requires court approval for compromise of a suit by an estate "to protect the estate, as well as the creditors and

---

[1] The Pennsylvania Department of Human Services is DePiso's only identified creditor. (Pl.'s Am. Pet., ECF 20 at ¶ 10.) The amount of the lien was reduced from $625.00 on March 11, 2021. (*See* Pl's Am. Pet., ECF 20 at 1 (Draft Order).)

2

beneficiaries thereof." *Moore v. Gates*, 580 A.2d 1138, 1141 (Pa. Super. Ct. 1990); *see also Soares v. McClosky*, 466 F. Supp. 703, 707 (E.D. Pa. 1979) (explaining § 3323 "protects potential beneficiaries, assures that the taxing authority gets its due, and shelters the decedent's representative from subsequent liability by eliciting a judicial determination whether a proposed settlement (or other termination) sufficiently protects the decedent's estate"). Section 3323 also allows the Court to address any "agreement for the payment of counsel fees and other proper expenses . . . ." 20 Pa. C.S. § 3323(b)(1).

"[I]n considering whether to approve [the] settlement, the Court is charged with protecting the best interests of the minor[s]." *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 669 (E.D. Pa. 2000); *see also Collier v. Officer, Dailey*, No. 98-3261, 1998 WL 666036, at *1 (E.D. Pa. Sept. 24, 1998) (explaining the minors' best interests "are paramount and of controlling importance"). The Court must independently evaluate the proposed settlement after considering "all relevant facts and the reasons why the administrator of the . . . estate believes the settlement is desirable" and in the best interests of DePiso's estate. *Rodi v. Williams*, Civ. A. No. 12-1379, 2015 WL 1863006, at *2 (M.D. Pa. Apr. 23, 2015) (citation and internal quotation omitted).

A

To begin, Leto asks the Court to allocate 100% of the settlement to the wrongful death claim. "Because Pennsylvania policy 'favors wrongful death beneficiaries over estate beneficiaries,' courts have 'approved settlements allocating large percentages to the wrongful death action over the survival action.'" *Romano v. United States*, No. 20-1852, 2020 WL 7364453, at *4 (E.D. Pa. Dec. 15, 2020) (*quoting Smith*, 709 F. Supp. 2d

3

at 358); *see also Tamasy v. Yough Sch. Dist.*, No. 18-01236, 2019 WL 5864893, at *2 (W.D. Pa. Nov. 8, 2019). ("[W]hile scrutiny is required, there is nothing inherently suspect or improper about a settlement allocation favoring wrongful death beneficiaries.").

"Under the Pennsylvania Wrongful Death Act, 4 Pa. C.S. § 8301(b), damages are compensation to individual members of the decedent's family for the pecuniary loss sustained by the death of the decedent." *Rodi*, 2015 WL 1863006, at *11 (citing *Tulewicz v. S.E. Pa. Transp. Auth.*, 606 A.2d 427 (Pa. 1992). This includes "contributions the decedent would have made for their shelter, food, clothing, medical care, education, entertainment, gifts and recreation" and the "value of the services, society, and comfort" they would have received. *Smith v. Sandals Resorts Intern., Ltd.*, 709 F. Supp. 2d 350, 356 (E.D. Pa. 2010) (citations omitted). In contrast, damages from a survival action are intended to "compensate the decedent's estate for losses from the tort," and address the "decedent's pain and suffering, loss of gross earning power from the date of injury until death, and probable earning during his life expectancy minus the probable cost of maintaining himself and wrongful death damages." *Id.* at 358. When there is no will, survival action proceeds are divided between the decedent's heirs by the laws of intestate. *Id.*

Considering DePiso's instantaneous death, it is appropriate to approve a 100% allocation to the wrongful death claim, allowing the amount allocated to the minor beneficiaries to be directly distributed into interest-bearing funds for their benefit. If any portion of the settlement were to be allocated to the Survival Act claim, it would be placed into DePiso's estate and be subject to Philadelphia County Register of Wills'

filing fees and the Commonwealth of Pennsylvania's four-point-five percent inheritance tax.[2] (*See* Pl.'s Am. Pet., ECF 20 at ¶ 19.) In addition, because there are five minor beneficiaries, any distribution to DePiso's estate would require a formal accounting and the appointment of a guardian ad litem for each minor beneficiary, delaying distribution of the settlement proceeds. (*Id.*)

B

The Court must also determine whether to approve the total settlement amount. When determining the "fair value of the lawsuit," the Court typically gives "considerable weight" to the judgment of counsel and the parties. *Matter of McLean Contracting*, No. 14-5676, 2017 WL 2618855, at *1 (E.D. Pa. June 16, 2017) (citation omitted). Experienced counsel negotiated the $300,000 settlement at arms-length and in good faith with the assistance of Magistrate Judge Elizabeth T. Hey. (*See* ECF 15 and ECF 17.) When the parties reached their settlement, they had a basic understanding of the relevant facts, as alleged in Leto's Complaint, Defendants' Answer, and Leto's Reply. (*See* ECF 1, 3 and 4.) Leto's Counsel was aware of "extensive footage" showing DePiso was operating his "motorcycle at an excessive rate of speed prior to and at the time of the crash." (Strauss Affidavit, ECF 22 at ¶ 6.). He maintains "the proposed compromise is reasonable and is in the best interests of the Estate" given Defendants' denial of any wrongdoing and explains it "allows the matter to be resolved without incurring the expense and delay of litigation and a jury trial, with uncertain outcome." (Pl.'s Am. Pet., ECF 20 at ¶ 14.). Leto agrees the settlement

---

[2]   Leto served a copy of her petition on the Pennsylvania Department of Revenue's Inheritance Tax Division and the Court has received no objections to it. (Pl.'s Am. Pet., ECF 20 at ¶ 9.)

5

is reasonable. (*Id.* ¶ 15.).

The Court's independent review of the case confirms the $300,000 settlement is adequate when faced with a minimal medical lien, Defendants' denial of liability and the uncertainty of a litigated outcome. *Cf. In re Hughes Estate*, 59 Pa. D. & C.2d 680, 682 (Pa. Ct. Comm. Pl. 1972) ("We have no difficulty in approving the amount of the settlement" because the "risk of recovering something less than the amount achieved [$284,250] by the settlement was a serious one.").

C

The Court must also independently review the settlement's proposed distribution. *Calvert v. Gen. Acc. Ins. Co.*, No. 99-3599, 2000 WL 124570, at *6 (E.D. Pa. Feb. 2, 2000). "'A settlement that protects a contingency fee and recovery of costs first and an estate's recovery thereafter is the proper subject of close judicial scrutiny.'" *Est. of Eckelberry v. CSX Transp., Inc.*, No. 18-365, 2019 WL 5068413, at *3 (W.D. Pa. Oct. 9, 2019) (quoting *Carter v. Southeastern Pa. Transp. Auth.*, 809 A.2d 464, 466-67 (Pa. Commw. Ct. 2002)).

1

One third of the total settlement fund, or $100,000, is requested for attorneys' fees pursuant to a thirty-three percent contingent fee agreement. (Pl.'s Am. Pet., ECF 20, Ex. D.) "[C]ourts should be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable parties." *Ryan v. Butera, Beausang, Cohen & Brennan*, 193 F.3d 210, 215 (3d Cir. 1999). However, "[r]egardless of any fee agreement, as the protector of the minor[s'] interests, the court must independently investigate the fee to be charged to ensure that it is fair and reasonable." *J.N. v. Penn-Delco Sch. Dist.*, No.

14-1618, 2017 WL 395481, at *4 (E.D. Pa. Jan. 30, 2017). Where the attorneys' fees affect the minors' ultimate award, the Court has "an affirmative duty to be more than a passive, *pro forma* rubber stamp." *Gilmore by Gilmore v. Dondero*, 582 A.2d 1106, 1109 (Pa. Super. Ct. 1990) (citation and internal quotation omitted). The Court "has discretion to adjust the amount of counsel fees to be subtracted from a settlement involving a minor even when a contingency arrangement is in place." *Lee v. Victoria's Secret, LLC*, No. 10-3662, 2012 WL 628015, at *3 (E.D. Pa. Feb. 27, 2012).

In *Gilmore*, the Pennsylvania Superior Court held courts analyzing fee requests in minors' cases should consider the "prevailing contingent fee standards in the relevant location" and consider whether a different fee is justified considering the following factors:

> the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was "created" by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question [sic].

*Gilmore*, 582 A.2d at 1109-10 (quoting *In LaRocca Estate*, 246 A.2d 339 (Pa. 1968)); *see also* Pa. R. Civ. P. 1717 (listing factors to consider in awarding counsel fees).

The estate is being administered in Philadelphia County, but the settlement proceeds will be distributed to two minors living in Delaware County and three living in Philadelphia. ((Pl.'s Am. Pet., ECF 20, ¶ 8.) Philadelphia County Court of Common Pleas Local Rule 2039(F) provides that "Counsel fees of one-third (1/3) of the net fund recovered may be considered reasonable, subject to the approval of the Court." Phila. Cnty. Ct. Comm. Pls. Local R. 2039(F). Delaware County Court of Common Pleas Local

7

Rule 2039 provides that if a proposed settlement distribution to a minor "includes a claim for in excess 25 percent of the net (after expenses incurred by counsel) settlement, evidence shall be presented as to the nature and extent of the services rendered." Del. Cnty. Ct. Comm. Pls. Local R. 2039.

Leto's counsel has practiced law for forty-two years, including thirty-one years concentrating on personal injury and wrongful death claims. (Strauss Affidavit, ECF 22 at ¶ 13.) He avers his firm "does not keep time records on personal injury matters when . . . retained on a contingent basis," but estimates he spent "well over 150 hours of attorney time" on this matter. (*Id.* at ¶¶ 7-8.). In his estimation, if he were not seeking contingent compensation, his reasonable billing rate "would be in excess of $450.00 per hour." (*Id.*) 150 hours billed at a rate of $450 per hour would result in a fee of $67,500.

Work performed included obtaining and reviewing documents including the police file, photographs, medical records, DePiso's certified driver history and vehicle tag search results. (*Id.* ¶ 8.) Counsel consulted "a biomechanical expert" and reviewed footage and photographs of the incident scene and DePiso's operation of his motorcycle. (*Id.*) Counsel researched relevant jury verdicts and settlements, obtained wage loss information, attended settlement conferences, established the estate and, importantly, searched for and located all minor beneficiaries. In addition, counsel filed this case in state court and prepared the Complaint, a reply to Defendants' new matter, confidential settlement conference memoranda and the approval petition and supporting affidavit. (*Id.*)

The requested fee award is fair. Counsel's negotiated contingent fee is consistent with Philadelphia County's presumptive lodestar. The fee is above Delaware County's

8

presumptive twenty-five percent lodestar and is more than counsel would have recovered based on his estimated hourly fee. But an upwards adjustment is appropriate after weighing the factors outlined in *Gilmore*. Counsel's affidavit as to the nature and extent of services rendered is enough to show the substantial effort involved in resolving this litigation given the uncertain outcome of the claims and the complexity of a resolution involving five minor beneficiaries with five different guardians.

2

After deducting the requested attorney's fee, the five minor beneficiaries will each receive $37,518.05 (a total distribution of $187,590.25). (*Id.* at ¶ 20.) Counsel represents that he spoke with the minor beneficiaries' respective parents or guardians who were served with copies of the approval petition and each approved the settlement and equal distribution between the minors. (*Id.* at ¶ 9 and ¶ 9 n.1.) The distributions will be made either as "saving certificates from federally insured banks or savings institutions" or as deposits to savings accounts opened in the minors' names. (*Id.* ¶ 20.) In either form, the funds will be restricted and unavailable until the minors attain the age of majority. (*Id.*) Their parents or guardians have consented to the use of restricted funds to hold the settlement distributions. (*Id.*) The plan of distribution to the minor beneficiaries is appropriate and in their best interest.

3

As for the distribution of the remaining amount, the negotiated amount ($415.39) to be paid as a final lien reimbursement to the Pennsylvania Department of Human Services is appropriately addressed by the settlement. The requested $4,399.00 reimbursement of the Estate's expenses is reasonable as is the $7,595.36 requested for

9

counsel's expenses.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.