IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEA LETO, administratrix of the estate of Daniel Charles DePiso, Jr.<br>　　　　*Plaintiff*,<br><br>　　　v.<br><br>JACOB M. ILLUM, et al.,<br>　　　　*Defendant*. | CIVIL ACTION<br>NO. 20-884 |

# ORDER

**AND NOW**, this 28th day of May, 2021, upon consideration of Plaintiff's Amended Petition to Compromise Wrongful Death and Survival Actions, to which no objections have been filed and consistent with the accompanying Memorandum of Law, it is **ORDERED** that Plaintiff is authorized to enter into a settlement with Defendants in the gross sum of Three Hundred Thousand Dollars ($300,000.00), to be paid by Defendants Jacob M. Illum, Kristi P. Illum and Michael D. Illum.[1]  Defendants shall forward all settlement drafts or checks to Plaintiff's counsel for proper distribution.

It is **FURTHER ORDERED** that the settlement proceeds shall be 100% allocated to Plaintiff's Wrongful Death Claim as follows:

　　To: Wrongful Death Beneficiaries　　　　　　　　　　　　　　$187,590.25[2]

　　To:  Lea Leto, Administratrix (Estate expenses reimbursement):　　$4,399.00

---

[1] The "settlement of a lawsuit and the relationship between an attorney and his or her client are areas traditionally covered by state law." *Mowrer v. Warner-Lambert Co.*, 2000 WL 974394, at *5 (E.D. Pa. July 13, 2000).  Although this case has proceeded in federal court, this Court must apply Pennsylvania substantive law governing the allocation of settlement funds and the approval of attorney's fees.

[2] This amount is to be divided between and distributed in equal amounts to each of the five minor beneficiaries consistent with this Order.

| | |
|---|---|
| To: Pennsylvania Department of Human Services: | $415.39 |
| To: Rothenburg Law Firm LLP (reimbursement of expenses): | $7,595.36 |
| To: Rothenburg Law Firm LLP (legal fee 33 1/3%): | $100,000.00 |

The sum of $185,590.25 payable to the five minor wrongful death beneficiaries shall be distributed to them as follows:

1. S.D., a minor:

    Counsel is hereby authorized to execute all documentation necessary to purchase saving certificates from federally insured banks or savings institutions having an office in Philadelphia County in the sum of $37,518.05, not to exceed the insured amounts, with the funds payable to S.D. upon majority. The certificates shall be entitled and restricted for S.D. as follows: "S.D., a minor, not to be redeemed except for renewal in its entirety, not to be withdrawn, assigned, negotiated or otherwise alienated before the minor attains majority, except upon prior Order of Court."

    -or-

    Counsel shall open a savings account in the sum of $37,518.05 in the name of S.D. The savings account shall be titled and restricted as follows: "S.D., a minor, not to be withdrawn before the minor attains majority, except for payment of city, state and federal income taxes on the interest earned by the savings certificate and savings account, or upon prior Order of Court."

2. J.D., a minor:

    Counsel is hereby authorized to execute all documentation necessary to purchase saving certificates from federally insured banks or savings institutions having an office in Philadelphia County in the sum of $37,518.05, not to exceed the insured amounts, with the funds payable to J.D. upon majority. The certificates shall be entitled and restricted for J.D. as follows: "J.D., a minor, not to be redeemed except for renewal in its entirety, not to be withdrawn, assigned, negotiated or otherwise alienated before the minor attains majority, except upon prior Order of Court."

    -or-

    Counsel shall open a savings account in the sum of $37,518.05 in the name of J.D. The savings account shall be titled and restricted as follows: "J.D., a minor, not to be withdrawn before the minor attains majority,

except for payment of city, state and federal income taxes on the interest earned by the savings certificate and savings account, or upon prior Order of Court."

3.     A.D., a minor:

Counsel is hereby authorized to execute all documentation necessary to purchase saving certificates from federally insured banks or savings institutions having an office in Philadelphia County in the sum of $37,518.05, not to exceed the insured amounts, with the funds payable to A.D. upon majority. The certificates shall be entitled and restricted for A.D. as follows: "A.D., a minor, not to be redeemed except for renewal in its entirety, not to be withdrawn, assigned, negotiated or otherwise alienated before the minor attains majority, except upon prior Order of Court."

-or-

Counsel shall open a savings account in the sum of $37,518.05 in the name of A.D. The savings account shall be titled and restricted as follows: "A.D., a minor, not to be withdrawn before the minor attains majority, except for payment of city, state and federal income taxes on the interest earned by the savings certificate and savings account, or upon prior Order of Court."

4.     Dn.D., a minor:

Counsel is hereby authorized to execute all documentation necessary to purchase saving certificates from federally insured banks or savings institutions having an office in Philadelphia County in the sum of $37,518.05, not to exceed the insured amounts, with the funds payable to Dn.D. upon majority. The certificates shall be entitled and restricted for Dn.D. as follows: "Dn.D., a minor, not to be redeemed except for renewal in its entirety, not to be withdrawn, assigned, negotiated or otherwise alienated before the minor attains majority, except upon prior Order of Court."

-or-

Counsel shall open a savings account in the sum of $37,518.05 in the name of Dn.D. The savings account shall be titled and restricted as follows: "Dn.D., a minor, not to be withdrawn before the minor attains majority, except for payment of city, state and federal income taxes on the interest earned by the savings certificate and savings account, or upon prior Order of Court."

5.  D.D., a minor:

    Counsel is hereby authorized to execute all documentation necessary to purchase saving certificates from federally insured banks or savings institutions having an office in Philadelphia County in the sum of $37,518.05, not to exceed the insured amounts, with the funds payable to D.D. upon majority. The certificates shall be entitled and restricted for D.D. as follows: "D.D., a minor, not to be redeemed except for renewal in its entirety, not to be withdrawn, assigned, negotiated or otherwise alienated before the minor attains majority, except upon prior Order of Court."

    -or-

    Counsel shall open a savings account in the sum of $37,518.05 in the name of D.D. The savings account shall be titled and restricted as follows: "D.D., a minor, not to be withdrawn before the minor attains majority, except for payment of city, state and federal income taxes on the interest earned by the savings certificate and savings account, or upon prior Order of Court."

Within sixty days from the date of this Order, Counsel shall forward the Certificates of Deposit and/or bank account information to the following parents or guardians of the minor beneficiaries:

1.  S.D., a minor:

    Mother: Breanna Lauer
    127 Duford Street
    Philadelphia, PA 19148

2.  J.D., a minor:

    Mother: Ashley Kennedy
    100 East Glenolden Avenue, Apt. B-15
    Glenolden, PA 19036

3.  A.D., a minor:

    Mother: Lucia Buggey
    2414 South 8th Street
    Philadelphia, PA 19148

4. Dn.D., a minor:

   In the Custody of Grandfather: Joseph Dougherty
   Mother: Jenna Dougherty
   1609 S. Dover Street
   Philadelphia, PA 19145

5. D.D., a minor:

   Mother: Christina Pettit
   6 Lakeview Circle, Apt. F-6
   Ridley Park, PA 19078

Consistent with this Order and the accompanying Memorandum of Law, the Administratrix Lea Leto is authorized to make disbursements, including attorneys' fees and costs, and to execute all necessary releases, endorse all checks and make appropriate distributions.

Within sixty days from the date of this Order, Counsel shall file with the Court an affidavit bearing the caption of this case certifying compliance with this Order, including proof of the establishment of the required accounts and proof of service on each of the minors' parents or guardians. The Affidavit shall attach a copy of each Certificate of Deposit and/or bank account information containing the required restrictions.

BY THE COURT:

/s/ Gerald J. Pappert
GERALD J. PAPPERT, J.